ALEJANDRINA MONTAÑEZ, as Representative of her minor Son FRUCTUOSO MONTAÑEZ, Plaintiff and Appellee, v. HEIRS OF FRUCTUOSO GARCÍA, Defendants and Appellants.

No. 3861. Argued May 20, 1926.—Decided February 3, 1927.

*Adolfo Porrata Doria* for the appellee. *C. Domínguez Rubio* for the appellants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an action of filiation and for the recovery of hereditary property. The action was brought by the mother,

as representative of her minor son, against the testamentary heirs of the alleged father. The evidence, both oral and documentary, was ample and the district court rendered judgment sustaining the complaint. Defendants appealed from that judgment, assigning error on the part of the court in overruling the demurrer for lack of sufficient facts to constitute a cause of action, in weighing the evidence, and in failing to comply with the provisions of Act No. 25 of 1925.

Let us consider the first assignment. Appellants contend that the plaintiff, mistaking the law applicable to the case in force in 1911 for the law previously in force, did not allege in due form the continuous possession of the status of an acknowledged natural child.

The allegation is as follows:

"4. That said Fructuoso García, from the birth of the said minor, took him under his care and supplied him with food, medical attendance and clothing, calling him his son publicly and in the presence of friends and relatives and acting toward him as a father, and such relationship was kept up uninterruptedly by Fructuoso García until his death which occurred about a year ago."

The law in force is section 193 of the Revised Civil Code, as amended by Act No. 73 of 1911, and among other things it provides that the father is obliged to recognize the natural child "where the child has uninterruptedly enjoyed the condition of a natural child of the defendant father justified by acts of the same father or of his family."

The allegation is not a model of perfection, but the facts contained therein clearly show the continuous possession of the status of natural child of the father of the defendants. *Vega* v. *Heirs of Vega*, 32 P.R.R. 548.

The real dispute in this case was on the examination of the evidence.

Not only was the continuous possession of the status of natural child of the father of the defendants alleged, but also

the concubinage of the said father with the mother of the minor plaintiff, evidence being introduced in support of both allegations.

The trial judge carefully considered the evidence bearing on the concubinage in the light of the law and jurisprudence and concluded that it was not sufficient. His judgment for the plaintiff was based solely on the continuous possession of the status of natural child and to that effect he summed up the evidence as follows:

"The evidence submitted tends to show the existence of acts committed by the alleged father constituting an acknowledgment of his paternity.

"It establishes the following facts:

"That about 1910 or 1912 plaintiff was living at the house of Eugenio García in the ward of Marín of the municipality of Patillas, where she was employed as a cook.

"That there was also living in the same house Fructuoso García who won the plaintiff's love and had marital relations with her, and as a consequence thereof 'she became pregnant. This came to the notice of the wife of Eugenio García and brought about her discharge.

"That she then went to live in a cottage on the same property of the brothers Eugenio and Fructuoso García given to her by the latter and where, attended by her sister Monserrate Montañez about three months after having left García's house, she gave birth to the child Fructuoso whose filiation is prayed for in this complaint.

"That Fructuoso García had at the same time another concubine of the name Eugenia Ruiz who bore him several children, he having been the father of two others with another woman now dead whose name was Figueroa.

"That Fructuoso García has taken care of said minor especially regarding his education, taking him to school to be enrolled, signing the school reports of the boy Fructuoso García, appearing therein under that name and as the son of the said Fructuoso García.

"That occasionally he has intrusted the boy Fructuoso García as his son to the care of persons in fording dangerous rivers, having also taken him to be confirmed and requesting Enrique Cruz to be his godfather.

"These facts have been controverted by defendants' evidence stating that there had been no confirmation at the time it was alleged that Fructuoso Montañez had been confirmed, and also because even

if Fructuoso García signed the school reports of the child he did the same thing for others who had not been alleged to be his children, as for instance the children Ignacio and Domingo Colón.

"As to the first question the Priest Gonzalo Noel could not say positively that between 1910 and 1920 there had not been confirmation in Patillas, and as to the matter of the school cards or reports of children, it is true that García signed those of the Colón brothers in which the latter appear under their father's name, but this is not the case with Fructuoso Montañez who does not appear therein under this name, but under the name of García who moreover appeared therein as the minor's father without objecting to the use of his name and to the imputation of such paternity, but on the contrary consenting to everything and signing said reports on different occasions.

"This is a special case where in our opinion no stronger proof than that introduced could be required."

We have examined the record and the painstaking brief of the appellants analyzing and attacking intelligently and in detail the plaintiff's evidence, and we do not find any ground on which to base the alleged error. Everything tends to show that the evidence was weighed conscientiously by the trial judge.

The law alleged to have been violated in the third assignment is Act No. 25 of 1925. Section 227 of the Code of Civil Procedure is thereby amended to read as follows:

"At the final hearing of any case in a district court, the judge thereof shall render and file at the time of the sentence [sic] a written opinion which shall be attached thereto, wherein he shall state separately and briefly the facts he considers proved and his juridic reasons for his decision. When the findings of fact are based on conflicting evidence the judge shall state the reason he may have had for deciding the conflict as he did; and, in case of appeal, the Supreme Court shall weigh said evidence and determine if the findings were warranted or not."

After declaring the facts proved and making the said statements the trial judge goes on in his opinion to others in regard to the circumstances of the case and the probatory

value of the evidence produced, substantially complying thus, in our opinion, with the legislative requirements.

The conflict in this case arose between positive statements of the mother of the minor plaintiff contending that the minor is the child of the father of the defendants and that he so acknowledged privately, publicly and constantly, and of other witnesses who state that the said father acknowledged the minor plaintiff as his child on several occasions, asking one of them to become the godfather at confirmation, and the testimony of witnesses who said that the father never spoke to them about the existence of such child, nor were they informed that he treated or acknowledged it as such, and that having made a will and acknowledged other natural children, he did not mention plaintiff at all, and they expressed strong doubts as to whether or not there had been any confirmations at the time mentioned by plaintiff's witnesses.

If in order to settle the conflict we bear in mind also the statement of the teacher of the minor and the signature of the father on the card where the minor appeared under his name and he as father, his behavior, the ways of said father and the circumstance that the father failed to acknowledge in his will another child whom the witnesses of the defendants admitted to have been acknowledged by the father, it will be seen that the grounds on which the judge based his decision could not be more just.

The judgment appealed from must be affirmed.